UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 10 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

BATASKI BAILEY,                )
                               )
        Plaintiff,             )
                               )    CASE NO:
v.                             )    1:22-CV-0098
                               )
                               )    **JURY TRIAL DEMANDED**
FAIR & WALKER UNIT OWNERS      )
ASSOCIATION, INC.;             )
ACCESS MANAGEMENT GROUP,       )
L.P.; and                      )
FULTON COUNTY, GEORGIA         )
SHERIFF'S DEPARTMENT           )
                               )
        Defendants.            )


## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Bataski Bailey, pro se and respectfully requests this court to issue a declaratory judgment, preliminary and permanent injunctive relief, damages, costs, and attorney's fees. In support thereof, Plaintiff shows unto the court as follows:

This is a civil action whereby Plaintiff seeks this court to issue a declaratory judgment, damages, costs, attorney's fees, and preliminary and permanent injunctive relief enjoining Defendants, FAIR & WALKER UNIT OWNERS ASSOCIATION, INC., (hereafter "Fair & Walker"), ACCESS MANAGEMENT GROUP, L.P.

1

(hereafter "Access Management"), and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in a continuing pattern of racially discriminatory conduct and from engaging in further violations of the Civil Rights Act of 1866 (42 U.S.C. §§ 1981, 1982 (hereafter "CRA 1866")), the Civil Rights Act of 1968 (42 U.S.C. §§ 801 et seq. (hereafter "CRA 1968")), and the Fair Housing Act of 1968 (42 U.S.C. § 3601 et seq. (hereafter "FHA")). The Plaintiff also asserts causes of actions for breach of contract, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

Additionally, the Plaintiff is seeking preliminary and permanent injunctive relief enjoining Defendant, FULTON COUNTY, GEORGIA SHERIFF'S DEPARTMENT, (hereafter "Fulton Sheriff") and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Civil Rights Act of 1866 (42 U.S.C. §§ 1981, 1982 (hereafter "CRA 1866")), the Civil Rights Act of 1968 (42 U.S.C. §§ 801 et seq. (hereafter "CRA 1968")), and the Fair Housing Act of 1968 (14 U.S.C. § 3601 et seq. (hereafter "FHA")), by conducting a sale of the Plaintiff's property as scheduled on February 1, 2022.

2

**JURISDICTION AND VENUE**

1.

Jurisdiction of this court arises under 42 U.S.C. § 3613(a)-(b) and by 28 U.S.C. §§ 1331, 1337, 1343 and 2201. The Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the related state law claims for breach of contract, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

2.

Venue is proper, because all the relevant events occurred within Fulton County in the State of Georgia, which is located within this Northern District of Georgia.

3.

Plaintiff's Federal and State law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

**PARTIES**

4.

The Plaintiff is an African American man who self-identifies as Black and resides within Fulton County, Georgia.

3

5.

The Defendants:

FAIR & WALKER UNIT OWNERS ASSOCIATION, INC. is a domestic non-profit corporation which is subject to this jurisdiction and can be served through its Registered Agent Access Management Group at 1100 Northmeadow Parkway Suite 114, Roswell, Georgia 30076.

ACCESS MANAGEMENT GROUP, L.P. is a domestic limited partnership, which is subject to this jurisdiction and can be served at 1100 Northmeadow Parkway Suite 114, Roswell, Georgia 30076.

FULTON COUNTY GEORGIA SHERIFF'S DEPARTMENT is a Fulton County, Georgia governmental law enforcement agency which is subject to this jurisdiction and can be served at 185 Central Avenue Southwest, Atlanta, Georgia 30303.

## **PRELIMINARY STATEMENT**

6.

To the extent permissible, Plaintiff reserves the right to pursue alternative and/or inconsistent theories of recovery and/or to seek alternate remedies in order to obtain full and complete relief.

## FACTS

### 7.

On July 7, 2017, the Plaintiff purchased a townhome—238 Walker St. SW Unit 36, Atlanta, Georgia 30313—within the Fair & Walker Unit Owners Association (commonly referred to as the "Fair & Walker Community").

### 8.

As part of the Plaintiff's ownership within the Fair & Walker Unit Owners Association, the association and the Plaintiff are contractually governed by Fair & Walker Community Bylaws and Declarations, governing the actions of both the Plaintiff and the Association.

### 9.

The Fair & Walker Community Bylaws and Declarations govern what areas are considered "common elements" for which the Association is responsible for the upkeep, maintenance, repair, and replacement.

### 10.

One area considered a "common element" by the Bylaws and Declarations is the roofs of all Fair & Walker Community units.

### 11.

Because the roofs of all Fair & Walker Community units are considered "common elements" by the Bylaws and Declarations, the Fair & Walker Unit Owners

Association is responsible for and has an ongoing duty for all upkeep, maintenance, repair, and replacement.

12.

The Fair & Walker Bylaws and Declarations delegates the authority to direct upkeep, maintenance, repair, and replacement to the Association's Board of Directors, with guidelines including how the Board should act in executing its duties as Board members.

13.

The Fair & Walker Unit Owners Association Board of Directors have contracted with Access Management to manage many aspects of the Fair & Walker Community.

14.

The Fair & Walker Unit Owners Association Board of Directors and Access Management work together in managing the day-to-day operations of the Fair & Walker Community.

15.

The Fair & Walker Bylaws and Declarations outlines the procedure for how complaints are reported to the Board of Directors and how the Board of Directors must respond to such complaints.

16.

The Fair & Walker Bylaws and Declarations also outline the process for which owner/residents must use to resolve any dispute prior to filing a civil action. This process includes requesting a hearing before the Board on the dispute, at which time the Board must schedule and hold a hearing within twenty-one (21) days of the receipt of the dispute.

17.

Fair & Walker Declaration 19(b) states:

> **Dispute Resolution**. Prior to filing a lawsuit against the Association, the Board, or any officer, director, or property manager of the Association, an Owner or Occupant must request and attend a hearing with the Board of Directors. Any such request shall be in writing and shall be personally delivered to any member of the Board of Directors or the property manager, if any, of the Association. The Owner or Occupant shall, in such request and at the hearing, make a good faith effort to explain the grievance to the Board and resolve the dispute in an amicable fashion, and shall give the Board a reasonable opportunity to address the Owner or Occupant's grievance before filing suit. Upon receiving a request for a hearing, the Board shall give notice of the date, time and place of the hearing to the Person requesting the hearing. The Board shall schedule this hearing for a date not less than seven (7) or more than twenty-one (21) days from the date of receipt of the request.

18.

On November 4, 2020, pursuant to Declaration 19(b) the Plaintiff submitted a written request to Fair & Walker and Access Management—via email and certified mailing—requesting a hearing before the Board to address new and distinctly

different areas of continued and ongoing leaking of the Plaintiff's roof, for which

the Association is responsible for its upkeep, maintenance, repair, and replacement.

19.

On November 20, 2020, a meeting was held between the Plaintiff, the Fair & Walker

Board of Directors, and Access Management, at which time the Plaintiff outline his

complaints and provided direct evidence of new roof leaks and associated damages

including physical illness to the Plaintiff as a direct result of the Plaintiff's leaking

roof.

20.

At the conclusion of the hearing, the Board indicated they would contact the Plaintiff

regarding a decision.

21.

At no time since the hearing on November 20, 2020, has Defendants Fair & Walker

or Access Management provided a decision to the Plaintiff. Defendants Fair &

Walker and Access Management have also not attempted to repair or replace the

Plaintiff's roof.

22.

During the course of the next several months, the Plaintiff attempted several times

unsuccessfully to address with Defendants Fair & Walker and Access Management,

the ongoing roof leaks the Plaintiff has continued to endure, which has created a

pervasively hostile environment which prevented the Plaintiff from enjoying his home.

23.

On November 26, 2021, the Plaintiff notified the Fair & Walker Board of Directors and Access Management—via email and certified mailing—of a request to appear before the Board regarding their continued refusal to act on the Plaintiff's ongoing roof leak which has led to additional damages to the Plaintiff home. Additionally, the notice advised the Board of the Plaintiff's intent to repair his roof at his cost and seek reimbursement from the Association as a means to mitigate his damages.

24.

On November 29, 2021, Defendants Fair & Walker and Access Management notified the Plaintiff via email that any attempt by the Plaintiff to repair the Plaintiff's ongoing leaking roof would not entitle the Plaintiff to reimbursement and such individual repair attempt is forbidden under the Community Bylaws and Declarations.

25.

Defendant Fair & Walker has also not complied with the Plaintiff's request for a hearing before the Board dated November 26, 2021, as required pursuant to Fair & Walker Declaration 19(b).

26.

On or about May 2021, the Plaintiff received business records, pursuant to a request, from Defendants Fair & Walker and Access Management. These records included extensive records regarding common element complaints and repairs throughout the Fair & Walker Community.

27.

On or about June and August 2021, respectively, the Plaintiff was approached by two African American owner/residents within the Fair & Walker Community who expressed frustration with their inability to garner a resolution from the Fair & Walker Board or Access Management regarding water and roof leaks very similar to those of the Plaintiffs, after several years of filing formal complaints and providing documentation to Fair & Walker Board of Directors and Access Management.

28.

Shortly thereafter, the Plaintiff was able to locate Fair & Walker Community records, where two different White owner/residents filed complaints for roof leaks and other water intrusion of the same nature as the Plaintiff and the other African American owner/residents.

29.

The Fair & Walker Community records indicate the White owner/residents' complaints to Defendants Fair & Walker and Access Management were acted upon

promptly, including ordering thousands of dollars in repairs from contractors and those repairs being completed within 60 days.

30.

The Plaintiff is also in possession of photographs showing the White owner/residents repairs in progress up to their conclusion.

31.

To date, neither of the three African American owner/residents referenced, including the Plaintiff, have had their extensive roofing leaks and other water intrusion repaired.

32.

In fact, the three African American owner/residents referenced, including the Plaintiff, have documentation indicating a refusal by the Fair & Walker Board and Access Management to complete the required repairs, as well as documentation of the Defendants Fair & Walker and Access Management's refusal to respond to the African American owner/residents' complaints regarding common element repairs.

33.

On October 28, 2021, Defendants Fair & Walker and Access Management were provided a video shot by the Plaintiff showing recent damages to the Plaintiff's interior ceiling, a direct result from the Plaintiff's ongoing roof leak including black mold.

11

34.

On or about November 9, 2021, the Plaintiff developed respiratory difficulties and other symptoms including those associated with exposure to black mold. The Plaintiff was sick for more than a week. The Plaintiff tested negative for COVID during the period of his illness.

35.

The Plaintiff is in possession of records and recorded statements showing Defendants Fair & Walker and Access Management have intentionally acted discriminatorily towards African Americans owners/residents within the Fair & Walker Community, including towards the Plaintiff, by refusing to complete repairs it has a duty to complete, which has caused harm in the form of actual damages, personal injury as result of exposure to mold, and a significant loss of property value to the African American owner/residents, including the Plaintiff.

36.

The Plaintiff is also in possession of business records showing Defendants Fair & Walker and Access Management have in fact acted in a discriminatory manner towards African American owners/residents within the Fair & Walker Community by refusing to complete repairs to African American owners/residents' property.

37.

These business records also show Defendants Fair & Walker and Access

Management acted promptly to the complaints of White owner/residents by acknowledging and completing repairs to White owner/resident properties immediately, highlighting the disparate treatment of African Americans including the Plaintiff.

38.

As a direct result of Defendants Fair & Walker and Access Management's actions and inaction, the Plaintiff has lost approximately $50,000 in equity and value to the Plaintiff's home and the Plaintiff has suffered physical illness and emotional distress.

39.

On or about September 2021, Defendant Fair & Walker filed a lien with the Fulton County Sheriff, on the Plaintiff's property, attempting to force a foreclosure sale for monies currently disputed and for which Defendant Fair & Walker has no judgment, or right to without a judicial review.

40.

Defendant Fair & Walker has acknowledged in writing they are not legally entitled to the monies for which they have filed a lien on the Plaintiff's property.

41.

On about October 2021, a board member of Defendant Fair & Walker made statements including "we are finally going to get that nigger out of this community".

13

42.

Defendant Fulton County Sheriff has scheduled a foreclosure sale of the Plaintiff's property for February 1, 2022, based on monies not legally entitled to Defendant Fair & Walker and based on discriminatory actions by Defendants Fair & Walker and Access Management.

## COUNT I
## DEFENDANTS FAIR & WALKER AND ACCESS MANAGEMENT'S VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1866 (42 U.S.C. §§ 1981)

43.

Defendants Fair & Walker and Access Management's actions were sufficiently pervasive and severe so as to create a hostile environment based on Plaintiff's race. In addition to violating his civil rights, Defendants Fair & Walker and Access Management's actions interfered with the Plaintiff's right to peaceably use and enjoy his home.

44.

Defendants Fair & Walker and Access Management failed to prevent and in fact initiated racist and discriminatory actions towards the Plaintiff which interfered with the Plaintiff's right to peaceably enjoy his home.

45.

Defendants Fair & Walker and Access Management's actions and the facilitation of said acts by Defendants Fair & Walker and Access Management's agents were

14

sufficiently pervasive and severe so as to create a hostile environment based on race in violation of Plaintiffs rights to make and enforce contracts on an equal basis regardless of race under 42 U.S.C. § 1981.

## COUNT II
## DEFENDANTS FAIR & WALKER AND ACCESS MANAGEMENT'S VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1866 (42 U.S.C. §§ 1982)

46.

Defendants Fair & Walker and Access Management's actions were sufficiently pervasive and severe so as to create a hostile environment based on race.

47.

Defendants Fair & Walker and Access Management failed to prevent and in fact initiated racist and discriminatory actions towards the Plaintiff including a racially motivated wrongful foreclosure, which interfered with the Plaintiff's right to peaceably enjoy his home.

48.

Defendants Fair & Walker and Access Management's actions and the facilitation of said acts by Defendants Fair & Walker and Access Management's agents were sufficiently pervasive and severe so as to create a hostile environment based on race in violation of Plaintiffs rights to use and convey real property on an equal basis regardless of race under 42 U.S.C. § 1982.

## COUNT III
## DEFENDANTS FAIR & WALKER AND ACCESS MANAGEMENT'S
## VIOLATIONS OF THE FAIR HOUSING ACT OF 1968
## (42 U.S.C. §§ 3604(b))

49.

Defendants Fair & Walker and Access Management discriminated against Plaintiff in the execution and fulfillment of terms, conditions, or privileges associated with obligated repairs of his home.

50.

Defendants Fair & Walker and Access Management's actions and/or facilitation of said acts by its agents were sufficiently pervasive and severe so as to create a hostile environment based on race in violation of Plaintiffs rights, as protected by the Fair Housing Act, 42 U.S.C. § 3604(b). Defendants Fair & Walker and Access Management subjected the Plaintiff to different terms and conditions on the basis of his race and color.

51.

Defendants Fair & Walker and Access Management's actions and/or facilitation of said acts by its agents demonstrate a willful and gross disregard for the known rights of the Plaintiff.

16

## COUNT IV
## DEFENDANTS FAIR & WALKER AND ACCESS MANAGEMENT'S
## VIOLATIONS OF THE FAIR HOUSING ACT OF 1968
## (42 U.S.C. §§ 3617)

52.

Defendants Fair & Walker and Access Management discriminated against Plaintiff in the execution and fulfillment of terms, conditions, or privileges associated with obligated repairs of his home.

53.

Defendants Fair & Walker and Access Management's actions and/or facilitation of said acts by its agents were sufficiently pervasive and severe so as to create a hostile environment based on race in violation of Plaintiffs rights, as protected by the Fair Housing Act, 42 U.S.C. § 3617. The Plaintiff's right to use and enjoy his home, after the assertion of his civil rights, was unlawfully interfered with on the basis of his race and color.

54.

Defendants Fair & Walker and Access Management's actions and/or facilitation of said acts by its agents demonstrate a willful and gross disregard for the known rights of the Plaintiff.

## COUNT V
## DEFENDANT FAIR & WALKER'S
## BREACH OF CONTRACT

55.

Defendant Fair & Walker breached their contract with the Plaintiff by refusing to repair the Plaintiff's roof—which is considered a common element—as required by the Fair & Walker Unit Owners Association's Bylaws and Declarations.

56.

Defendant Fair & Walker's actions and failure to act, despite repeated specific requests breached Defendant Fair & Walker's agreement with the Plaintiff, as described in Paragraph 8 above, to ensure the Plaintiff's quiet enjoyment of his home.

## COUNT VI
## DEFENDANTS FAIR & WALKER AND ACCESS MANAGEMENT'S
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57.

Defendants Fair & Walker and Access Management had a duty to the Plaintiff based on the contractual obligations outlined in the Fair & Walker Unit Association's Bylaws and Declarations.

58.

Defendants Fair & Walker and Access Management's failure to provide obligated repairs to the Plaintiff home, constituted a breach of that duty.

18

59.

Defendants Fair & Walker and Access Management's failure to admonish the Board member who used racist and discriminatory language regarding the Plaintiff and Defendants Fair & Walker and Access Management's failure to treat each owner/resident equally regardless of race constitutes extreme and outrageous conduct and caused the Plaintiff severe emotional distress.

## COUNT VII
## DEFENDANTS FAIR & WALKER AND ACCESS MANAGEMENT'S
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60.

Defendants Fair & Walker and Access Management's conduct, including the use of racial epithets and the intentional discriminatory actions of refusing to repair the Plaintiff's property based on race and color was extreme and outrageous and done with the intent to cause severe emotional distress.

61.

Defendants Fair & Walker and Access Management's conduct resulted in the Plaintiff suffering severe emotional distress.

## COUNT VIII
## DEFENDANTS FAIR & WALKER AND ACCESS MANAGEMENT'S
## NEGLIGENCE

62.

Defendants Fair & Walker and Access Management had a duty to the Plaintiff based

on the contractual obligations outlined in the Fair & Walker Unit Association's Bylaws and Declarations.

63.

Defendants Fair & Walker and Access Management's failure to provide obligated repairs to the Plaintiff's home, constituted a breach of that duty.

64.

Defendants Fair & Walker and Access Management's failure to provide obligated repairs to the Plaintiff's home, was the direct cause of the Plaintiff's injury.

65.

Defendants Fair & Walker and Access Management's failure to provide obligated repairs to the Plaintiff's home, was the cause in fact of the Plaintiff's injury.

66.

Defendants Fair & Walker and Access Management's failure to provide obligated repairs to the Plaintiff's home, was the proximate cause of the Plaintiff's injury.

67.

Defendants Fair & Walker and Access Management's failure to provide obligated repairs to the Plaintiff's home, resulted in actual injury and damages to the Plaintiff.

## COUNT VII
## DEFENDANTS FAIR & WALKER AND ACCESS MANAGEMENT'S
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68.

Defendants Fair & Walker and Access Management's conduct, including the use of racial epithets and the intentional discriminatory actions of refusing to repair the Plaintiff's property based on race and color was extreme and outrageous and done with the intent to cause severe emotional distress.

69.

Defendants Fair & Walker and Access Management's conduct resulted in the Plaintiff suffering severe emotional distress.

**WHEREFORE,** the Plaintiff respectfully requests relief as follows:

70.

A trial by a twelve (12) person jury;

71.

For preliminary and permanent injunctive relief, enjoining Defendant Fulton County Sheriff for conducting a foreclosure sale on the Plaintiff's property currently scheduled for February 1, 2022;

72.

For preliminary and permanent injunctive relief, enjoining Defendants Fair &

Walker and Access Management from refusing to comply with its contractual duties;

73.

For an order awarding actual damages [specific amount to be proven at trial] against Defendants Fair & Walker and Access Management;

74.

For an order awarding consequential damages in an amount to be determined at trial against Defendants Fair & Walker and Access Management;

75.

For an order awarding general damages in an amount to be determined at trial against Defendants Fair & Walker and Access Management;

76.

For an order awarding statutory damages for each statutory violation as described herein in an amount to be determined at trial against Defendants Fair & Walker and Access Management;

77.

For an order awarding punitive damages in an amount to be determined at trial against Defendants Fair & Walker and Access Management;

78.

For an order awarding reasonable attorney's fees, costs and expenses against Defendants Fair & Walker and Access Management;

79.

Interest as allowed by law;

80.

And for such other and further relief as the court deems just and proper and just under the circumstances.

Please take notice that the Plaintiff demands trial by jury in this action.

Respectfully submitted this 10th day of January, 2022.

_____/s/ Bataski Bailey_____

**BY: *Bataski Bailey Pro Se***

Bataski Bailey *Pro Se*
238 Walker St. SW Unit 36
Atlanta, GA 30313
404.933.9014
bataskib@gmail.com

23